Higgins-Titus Co,Appellant.

     vs                                 No.8776

P.Louis Adams and Wife.

March 5th 1923.

Court of Appeal
PARISH OF ORLEANS

3/5/23

H.J.Stansbury

Higgins-Titus Co.Appellant.

vs           No.8776

P.Louis Adams and Wife.

Charles F.Claiborne,Judge.

This is a damage suit resulting from a collision of two automobiles.

The petitioners allege that on May 13th 1921 at about 6 O'Clock P.M. an automobile owned by them was runing on Napoleon Avenue in the direction of the Lake on the right hand side of the street on the uptown side of the neutral ground of Napoleon Avenue between Prieur and Johnson Streets ;that the car was running along the upper road of the neutral ground for the reason that the neutral ground at Johnson Street was obstructed by repairs,and the plaintiffSwere on their way up Johnson Street; that as plaintiff's automobile had reached the middle of the block between Prieur and Johnson Streets it was run into by another automobile owned by the defendant P.Louis Adams,and operated by his wife;that the defendant's automobile was running on the extreme left of the street close to the neutral ground at a speed exceeding 20 miles an hour;that when petitioner's car came within 150 feet from defendant's car,petitioner blew his horn and seeing that the defendant did not heed it,and in order to avoid an accident,he turned his car to the left,when defendant turned her car to the right,striking petitioner's car and causing him a damage of $170.00 .

The defendant's denied all petitioner's allegations. They alleged that the accident was caused solely by plaintiff's negligence and violation of the traffic ordinances.

There was judgment for the defendants and the plaintiff's have appealed.

There were only two witnesses to the accident,the plaintiff Titus,and the defendant Mrs Adams.

The plaintiff's testimony is practically a repetition of the allegations of their petition.

The chauffeur was driving out towards the Lake on the Street on the uptown side of Napoleon Avenue close to the neutral ground on his right.The defendant was driving out on the same street,also close to the neutral ground on her left;she was driving fast;he saw her a block off and sounded his horn; she appeared not to notice it;when she came so near to him that a collision seemed inevitable he turned his car to the left to avoid it;the cars ran into each other.

The defendant says that she was driving in the middle of the street,ap 10 feet away from the curbing,leaving ample space for the plaintiff to pass;that she first saw plaintiff's es car when it was about 50 feet from her;but pointing to an object to examplify it proved to be only 21 feet;that she heard plaintiff's horn;that plaintiff was also driving in the middle of the street;that just as she turned to her right to avoid plaintiff he turned to his left and brought on the collision;she"did the right thing;but he was not sure that I was going to do the right thing,so he took a chance at doing the wrong thing;"

In deciding this case we must do so without regard to the traffic ordinance,as it has not been introduced in evidence.

In the absence of a traffic ordinance both sides of the neutral ground were two way streets and every vehicle running on either side of the neutral ground was governed by the common law of the road.

In weighing the testimony,our conclusion is that the scales lean towards the plaintiffs.If it was true as plaintiffs say,that the defendant was driving on her right left side near the neutral ground,then according to the law of the road,she was on the wrong side of the street,and all presumptions are against her,and she must suffer the consequences of the collision,as we have often decided.If she was ten feet from the neutral ground, as the defendant testifies,there was ample room for the plaintiff to pass,and it is not probable that the plaintiff would have

101

turned to his left to avoid her,nor that the defendant would have considered it necessary to turn to her right,as both testified. The defendant first testifies that she was fifty feet from plaintiff when she first saw him;in that distance she had ample time to swerve to the right side of the road,out of plaintiff's way; but it only twenty one feet,then it would seem that she was at fault for not seeing plaintiff's sooner.We cannot accept defendant's theory of the accident.We cannot believe that defendant had left a space of ten feet between her and the neutral ground,for in that case the plaintiff,would have gone right ahead and would not have swerved to the left to avoid her.It was defendant's fault if plaintiff turned to the left.

The husband has testified that he is willing to assume the responsibilities of his wife.

It is therefore ordered that the judgment herein be reversed and annulled,and it is now ordered that the judgment be in favor of the plaintiff's Higgins-Titus Co. and against the defendant Mr and Mrs P.Louis Adams in solido for One Hundred and sixty five dollars with legal interest from September 7th 1921 till paid and all costs of suit.

Judgment reversed.

March 5th 1923.